UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RALINK TECHNOLOGY CORPORATION,<br><br>　　　　Plaintiff,<br>　　v.<br><br>LANTIQ DEUTSCHLAND GMBH,<br><br>　　　　Defendant. | Case No.: C 11-01549 EJD (PSG)<br><br>**ORDER DENYING MOTION TO SHORTEN TIME FOR THE COURT TO HEAR RALINK'S MOTION TO COMPEL DISCOVERY AND ENFORCE SUBPOENA TO SANJAY KASTURIA**<br><br>(Re: Docket No. 73) |

On June 21, 2011, Plaintiff Ralink Technology Corporation ("Ralink") filed an amended motion to compel (1) Defendant Lantiq Deutschland GMBH ("Lantiq") to respond to Ralink's First Set of Interrogatories and First Set of Requests for Production and (2) third party Sanjay Kasturia ("Kasturia") to comply with Ralink's subpoena for deposition testimony and document production.  Ralink noticed this motion for hearing on July 26, 2011.  On June 24, 2011, Ralink filed a motion to shorten time for hearing the motion to compel, requesting the motion to compel be heard on July 12, 2011.  On June 27, 2011, Lantiq filed its opposition to Ralink's motion to shorten time.

An order shortening time on a motion necessarily delays resolution of other matters pending before the court.  Because a motion for such an order is effectively a request to jump the

ORDER, *page 1*

line, good cause is required.[1]  Any party seeking to show that such an order is warranted must identify "the substantial harm or prejudice that would occur if the Court did not change the time."[2]

Here, Ralink argues that its motion should be heard at the same time as Kasturia's motion to quash the subpoena, which was filed in Case No. 5:11-mc-80109-LHK (PSG) and is noticed for hearing on July 12, 2011.  Ralink argues that Kasturia's motion to quash and Ralink's motion to compel are virtually identical and, thus, hearing the motions together would be efficient.

Ralink's own inaction, however, created the problem it now asks the court to remedy.  Kasturia filed his amended motion to quash on May 19, 2011 and scheduled a hearing on that motion to take place 54 days later on July 12, 2011.  A party need notice a motion only 35 days after service of the motion.  Thus, anytime before June 8, 2011 Ralink could have filed its motion to compel and scheduled a hearing on the same day as Kasturia's motion without any special accommodation from the court.  Instead, Ralink waited to file its motion to compel for approximately a month after Kasturia filed his motion and now argues that the court should hear its motion two weeks ahead of schedule.  Ralink has failed to show good cause to shorten time to hear its motion to compel.  Accordingly,

IT IS HEREBY ORDERED that Ralink's motion to shorten time is DENIED.

Dated: June 29, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See* Fed. R. Civ. P. 6(c)(1)(C).

[2] Civ. L.R. 6-3(a)(3) (requiring a declaration in support of a motion to shorten time identify "the substantial harm or prejudice that would occur if the Court did not change the time.").